**O**

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 493907

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HIP HOP BEVERAGE CORPORATION, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>JUNEICE DEANNA MICHAUX, an individual; ANHM FZCO LLC, an organization, form unknown; BANK OF AMERICA,<br><br>Defendants. | ) | Case No. CV 12-09474 DDP (MANx)<br><br>**ORDER GRANTING MOTION TO REMAND AND VACATING MOTION TO DISMISS**<br><br>[Dkt. Nos. 8 & 10] |

Presently before the court are Plaintiff Hip Hop Beverage Corporation ("Hip Hop Beverage")'s Motion to Remand and Defendant Bank of America, N.A. ("BANA")'s Motion to Dismiss. Having considered the parties' submissions, the court adopts the following order.

**I. BACKGROUND**

Plaintiff Hip Hop Beverage is an energy drink company based in Los Angeles. From 2006 to 2012, Defendant Deanna Michaux ("Michaux") worked as the Director of Sales for Hip Hop Beverage.

She terminated her employment on April 9, 2012. On April 10, 2012, while removing items from Michaux's office, Plaintiff found bank statements and records in the desk Michaux used. These statements and records caused Plaintiff's personnel to become suspicious that Michaux had embezzled funds from Plaintiff.

Plaintiff learned that on January 7, 2010, Michaux filed a Fictitious Name Statement in Los Angeles County stating that she was an individual conducting a business called "Hip Hop Beverage" and listing an address that at the time was Plaintiff's business address. That same month, Michaux opened a bank account at a branch of BANA. The account was opened in the name of Michaux as sole proprietor, doing business as "Hip Hop Beverage." In opening this account, Michaux presented as identification to BANA the tax identification number of Plaintiff, which is a corporation. Michaux used this account to embezzle funds belonging to Plaintiff by, for example, instructing Plaintiff's customers to wire funds due to Plaintiff into the account opened by Michaux at BANA.

Plaintiff makes the following allegations against BANA in its Fifth Cause of Action (Negligence):

> 39. When, during January, 2010, Michaux opened the above-alleged bank account at Bank of America, she did so in her name as a sole proprietor (i.e., an individual), doing business as "Hip Hop Beverage." Plaintiff alleges on information and belief that in opening this account, Michaux presented as identification to Bank of America the tax identification number of Plaintiff, which is a corporation.

40. Through the exercise of reasonable diligence, Bank of America should have determined that the tax identification number of Plaintiff belonged to it, a corporation, and not Michaux, an individual. Bank of America was required to form a reasonable belief that it knew the true identify of Michaux, by, among other things, establishing and implementing reasonable account opening procedures that verified Michaux's identity. Under 31 CFR 103.121, Bank of America was required to establish and implement a Customer Identification Program that, inter alia, contained procedures for opening an account that specified the identifying information that will be obtained from each customer opening an account. In the case of a "U.S. person," whom Michaux was, such identifying information includes "a taxpayer identification number." 31 CFR 103.121(b)(4)(l). Bank of America therefore had a duty to form a reasonable belief that it knew the true identify of Michaux.

41. Bank of America breached this duty to exercise reasonable diligence by failing to form a reasonable belief that it knew the true identity of Michaux. Bank of America permitted Michaux to open an account as an individual with the fictitious business name noted on the account by presenting the taxpayer identification number of a corporation, Plaintiff, of the same name as the

fictitious business name utilized by Michaux. For these reasons, Bank of America also violated 31 CFR 103.121.

42. Bank of America's breaches of its duty to exercise reasonable diligence and to follow 31 CFR 103.121 each proximately caused Plaintiff damage as alleged above.

(Compl. ¶¶ 39-42.)

Plaintiff originally filed the Complaint in state court on October 16, 2012. Defendant BANA removed the action to federal court on November 5, 2012, on the ground that Plaintiff's claim arises out of federal law because Plaintiff's negligence cause of action "is based upon BANA's alleged violation of 31 C.F.R. § 103.121," an implementing regulation of the USA Patriot Act. (Notice of Removal ¶ 6. See Howe v. Bank of Am. N.A., 179 Cal. App. 4th 1443, 1452-53 (2009).)

Plaintiff now moves to remand the action to state court on the ground that it presents no federal question. BANA opposes the motion to remand and moves to dismiss the action, arguing that it fails to state a claim for relief because there is no private right of action to bring a suit for an alleged violation of the USA Patriot Act or Ban Secrecy Act, and § 103.121 does not create a duty of care that BANA owes to Plaintiff.

**II. LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant always bears the burden of establishing that removal is proper. Id.

**III. DISCUSSION**

Defendant BANA argues that Plaintiff's negligence claim arises under federal law because Plaintiff's right to relief requires the resolution of a substantial question of federal law related to 31 C.F.R. § 103.121. BANA argues, "Although Plaintiff's fifth cause of action sounds in negligence, there are five references to Section 103.121 in the eight paragraphs of allegations asserted against BANA. Thus, on the face of Plaintiff's Complaint, there is a federal question." (Opp. to Mot. to Remand at 3-4.)

"[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). However, "'federal issue' [has not been treated] as a password opening federal courts to any state action embracing a point of federal law. Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. The federal issue raised must be "'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a

federal forum.'" Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009)(quoting Grable, 545 U.S. at 313).

BANA argues that Plaintiff's negligence claim necessarily raises three federal questions because § 103.121 is a necessary element:(1) whether § 103.121 establishes a duty of care that BANA owed to Plaintiff, (2) the extent of that duty, and (3) whether BANA breached that duty. (Opp. to Mot. to Remand at 5.) BANA argues that § 103.121 is not "incidental" to the negligence claim but is determinative. (Id. at 6-7.) BANA points out that the Complaint alleges that "[u]nder 31 CFR 103.121, Bank of America was required to establish and implement a Customer Identification Program," to obtain a taxpayer identification number from Michaux, and to form a reasonable belief that it knew the true identity of Michaux when she opened the bank account. (Compl. ¶ 40.) The Complaint alleges that BANA breached this duty by not complying with the section, and that BANA's alleged failure to comply damaged Plaintiff. (Id. at ¶¶ 41-42) BANA argues that these claims require that the court interpret § 103.121 to determine if a breach occurred.

Plaintiff responds that § 103.121 provides it an evidentiary presumption of negligence under California Evidence Code § 669, but that its negligence claim is a "classic state common law creature." (Mot. to Remand at 9.) Plaintiff argues that BANA's violation of 31 C.F.R. § 103.121 is "only part of the reason it was negligent. . . . BANA was negligent because it failed to act reasonably; that is the essence of negligence." (Id.) Thus, argues Plaintiff, even if

California's negligence per se doctrine does not apply[1] and even if there is no common law duty of care that a bank owes to a non-customer,[2] BANA owed Plaintiff a duty of reasonable care and breached this duty by failing to form a reasonable belief that it knew the identity of Michaux when she opened an account as an individual but presented the tax identification number of a corporation.

The court finds that Plaintiff's cause of action against BANA sounds in negligence and that § 103.121 is not essential to the claim. Regardless of whether Plaintiff can succeed in obtaining the evidentiary presumption from negligence per se based on a violation of that regulation, Plaintiff has presented sufficient evidence to state a claim for common law negligence by alleging facts that could amount to a breach of the duty of reasonable care.

Moreover, citing § 103.121 for the purposes of establishing negligence per se does not transform the state law negligence claim into a federal issue. Allowing negligence claims into federal court each time there is a reference to a federal regulation would "attract[] a horde of original filings and removal cases raising other state claims with embedded federal issues." Grable, 545 U.S. at 318. "Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to

---

[1]Plaintiff does not concede that the negligence per se doctrine does not apply. (See Opp. to Motion to Dismiss at 4-5.)

[2]Plaintiff does not concede that a bank does not owe any duty of care to a non-customer. (See Opp. to Motion to Dismiss at 6-9.)

[create] a rebuttable presumption [of negligence] ... under state law.' . . . Merrell Dow's analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." Id. at 319 (quoting Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 812 (internal quotation marks omitted)).

Here, BANA has not demonstrated that "a court would need to resolve a disputed provision of [federal law] in order to resolve" Plaintiff's negligence claim. Williston Basin Interstate Pipeline Co., v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean Geological Formation, 524 F.3d 1090, 1102 (9th Cir. 2008). Even if Plaintiff's negligence claim were more dependent on federal law than it appears to be, "[f]ederal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." Wander v. Kaus, 304 F.3d 856, 859 (9th Cir. 2002).

The court agrees with Plaintiff that it is improper to allow for federal jurisdiction simply because Plaintiff alleges a violation of § 103.121 in order to create a presumption of negligence. Negligence is a classic state law cause of action, and there is no indication that Congress intended to provide a federal forum for this type of case.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand is GRANTED. The action is remanded to state court. Defendant's Motion to Dismiss is VACATED as moot.

IT IS SO ORDERED.

Dated: February 1, 2013

DEAN D. PREGERSON
United States District Judge